```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


ERICA HAYWOOD,                    §
TDCJ-CID NO. 824551,              §
                                  §
            Petitioner,           §
                                  §
v.                                §    CIVIL ACTION NO. H-09-0197
                                  §
NATHANIEL QUARTERMAN,             §
                                  §
            Respondent.           §
```

### MEMORANDUM OPINION AND ORDER

Erica Haywood, a Harris County Jail inmate, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging the outcome of a jail disciplinary hearing. This action will be dismissed because it is baseless.

Haywood is currently in jail facing charges of assault on a public servant, but her petition contains little that is relevant to the outstanding charges. Instead, it is a rambling series of assertions that include allegations of abuse by jail personnel, racial profiling, confiscation of personal items, and denial of the right to practice her religion. However, the focus of her habeas petition concerns an administrative disciplinary proceeding in which Haywood was found guilty of violating jail rules. (Docket Entry No. 1 at 2, 4) Haywood complains that she was denied a hearing or opportunity to appeal and that the Texas courts have not responded to her written pleadings. Haywood's punishments

consisted of a loss of privileges. (Docket Entry No. 1 at 4) Haywood denies losing any earned good-time credits as a result of the disciplinary proceeding. Id.

In a challenge to a prison disciplinary proceeding, a habeas petitioner cannot assert the same rights available to her as a defendant in a state court criminal case. See Turner v. Johnson, 46 F.Supp.2d 655, 660 (S.D. Tex. 1999). A central issue in this action is whether Haywood actually lost good-time credits to the extent that it would affect the length of time she must serve in prison. See Hallmark v. Johnson, 118 F.3d 1073 (5th Cir. 1997). Haywood admits that she did not lose any good time and that the only punishment she suffered was a temporary forfeiture of privileges. An inmate's liberty interests are implicated only when the disciplinary measures taken against her inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). The loss of privileges imposed on Haywood are merely changes in the conditions of her confinement that do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). They are not penalties that would be considered "the type of atypical, significant deprivation" that would be actionable. See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996); McGuinness v. Dubois, 75 F.3d 794, 797 n.3 (1st Cir. 1996).

If Haywood were actually challenging a forfeiture of good-time, such a claim might be actionable if her release under mandatory supervision were delayed by the results of the disciplinary proceeding. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). But such a scenario does not apply to this action, and Haywood does not present any disciplinary sanction that can be remedied by this court. Id.; see also Orellana, 65 F.3d at 31-32 ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status."). Similarly, any possible adverse effects the disciplinary action may have had on Haywood's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). To the extent that Haywood complains about the conditions of her confinement and seeks redress, a civil rights action is the proper remedy. See Patton v. Jefferson Correctional Center, 136 F.3d 458, 463-64 (5th Cir. 1998), citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994); Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). Such claims will not be considered in this action because it was filed as a habeas challenge to the validity of Haywood's confinement. Moreover, Haywood filed a 42 U.S.C. § 1983 civil rights complaint contemporaneously with her habeas petition, and the complaint is still pending. Haywood v. Harris County, Texas,

No. H-09-200 (S.D. Tex. filed Jan. 26, 2009); see also Haywood v. Fifth Circuit Court of Appeals, No. H-09-202 (S.D. Tex. filed Jan. 26, 2009) (petition for writ of mandamus).

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Haywood's habeas petition will be dismissed as frivolous because it lacks an arguable legal basis. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

In the event a Notice of Appeal is filed, a Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, sua sponte, without requiring

further briefing or argument.  <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that Haywood has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued.

## Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED.**

2. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice.**

3. A certificate of appealability is **DENIED.**

4. Petitioner's (Emergency Motion) Motion for Federally Appointed Liason [sic] Attorney and Investigator; Motion for New Counsel; Motion for Transfer of Cases to Federal and/or Mental Health Court (Docket Entry No. 5) is **DENIED.**

5. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the Attorney General by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 20th day of February, 2009.

/s/ Sim Lake
SIM LAKE
UNITED STATES DISTRICT JUDGE